UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TDP GROUP, LLC**                                              **CIVIL ACTION**

**VERSUS**

**LARSON VENTURES, LLC, et al.**                    **NO. 21-221-SDD-SDJ**

## ORDER

Before the Court is a Motion to Compel (R. Doc. 12) filed by Plaintiff, TDP Group, LLC, on October 4, 2021. No opposition to Plaintiff's Motion to Compel has been filed by Defendants, and the 21-day deadline for doing so has passed. As such, the Court considers Plaintiff's Motion unopposed.

In its Motion to Compel, Plaintiff seeks an order compelling responses to written discovery requests propounded on Defendants on July 1, 2021.[1] "[A] party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld." *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018) (internal quotations and citation omitted). If a party fails to respond fully to discovery requests in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel responses and for appropriate sanctions under

---

[1] R. Doc. 12 at 1.

Federal Rule of Civil Procedure 37. *See, e.g., Lauter v. SZR Second Baton Rouge Assisted Living, LLC*, No. 20-813, 2021 WL 2006297 (M.D. La. May 19, 2021).

Here, as alleged by Plaintiff, it propounded written discovery requests, sent as Plaintiff's First Set of Interrogatories and Requests for Production of Documents (R. Doc. 12-2), on Defendants on July 1, 2021. Per Plaintiff, in response to an email sent by Plaintiff's counsel setting a telephone discovery conference for August 11, 2021, defense counsel, by email, advised that he would provide discovery responses "within 14 days."[2] To the Court's knowledge, no conference was held.[3] Following failed settlement negotiations, Plaintiff's counsel sent another email on September 27, 2021, this time setting a telephone discovery conference for September 28, 2021.[4] This one, like the first one, also was not held, for reasons not provided.[5] Defense counsel, at that time, advised Plaintiff's counsel by email that he was "having difficulty obtaining the information from his clients and that if he did not get the information he was planning on withdrawing."[6] On September 30, 2021, Plaintiff's counsel sent defense counsel a draft of the instant Motion to Compel and Memorandum in support, to which he received no response.[7]

As stated above, Defendants have not filed an opposition to this Motion to Compel, and the deadline for doing so has passed. As such, the Court considers this Motion unopposed. In addition, Plaintiff represents in its Motion to Compel that defense counsel previously agreed to respond to Plaintiff's discovery requests "within 14 days" from the date of that correspondence.[8] Given Defendants' purported agreement to provide supplemental responses, coupled with their failure to oppose this Motion, the Court will grant Plaintiff's request and order Defendants to

---

[2] R. Doc. 12-1 at 1.
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.* at 1-2.
[7] *Id.* at 2.
[8] *Id.* at 1.

respond to the written discovery requests propounded by Plaintiff on July 1, 2021, Plaintiff's First Set of Interrogatories and Requests for Production of Documents, **within 15 days** of the date of this Order. If said responses are deficient, Plaintiff may seek further relief from the Court. However, before any such relief can be requested, the Parties must successfully conduct a Rule 37 conference, and a detailed description of said conference—including participants; date and duration; specific, itemized topics discussed; and whether any issues were resolved—must be included in any future filings.[9]

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 12) is **GRANTED**. **Within 15 days** of the date of this Order, Defendants are ordered to provide complete written responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents.

Signed in Baton Rouge, Louisiana, on October 27, 2021.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] In the alternative, the Rule 37 conference certificate must detail Plaintiff's counsel's good faith attempts to confer with defense counsel and provide evidence that defense counsel refused to confer after reasonable notice.